1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

CHARLES V FARNSWORTH,

7                              Plaintiff,

8        v.

9    TEDDI ARMSTRONG ,

                              Defendants.

10

Case No. 3:20-cv-05007-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for September 25, 2020

11        Plaintiff Charles V. Farnsworth proceeds pro se in this civil rights action brought

12    pursuant to 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motions for

13    default judgment (Dkts. 9, 10) and motions seeking injunctive relief which the Court

14    construes as motions for preliminary injunction (Dkts. 13, 28). This matter has been

15    referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423

16    U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set

17    forth below, the undersigned recommends that the Court deny plaintiff's motions and

18    that defendant Washington State Department of Corrections (DOC) be dismissed from

19    the action because DOC is not a proper defendant.

20                        FACTUAL AND PROCEDURAL HISTORY

21        Plaintiff, who is currently an inmate at the Clallam Bay Corrections Center

22    (CBCC) in the custody of the Washington State Department of Corrections, commenced

23    this action naming the following defendants: Washington State Department of

24    Corrections (DOC), and DOC employees Teddi Armstrong (psychiatric nurse), Jackie

25

REPORT AND RECOMMENDATION - 1

1  Brennan (nurse), Bruce C. Gage (DOC "chief of psychiatry"), and "Five Unknown Health

2  Care Providers." Dkt. 8 at 1-4. Plaintiff brings this action alleging a violation of his Eighth

3  and Fourteenth Amendment rights to be free from cruel and unusual punishment

4  against defendants, in their individual and official capacities. *Id.* at 5-6, 10. Plaintiff also

5  alleges a conspiracy, and retaliation. *Id.,* at 20. He seeks monetary damages and

6  injunctive relief – he requests an order directing that he be prescribed certain

7  medications: Buproprion and "diazepham." *Id.*

8      Plaintiff's complaint states he was in the Marine Corps and was diagnosed with

9  Post-traumatic Stress Disorder (PTSD) in 1997. *Id.* He asserts he was diagnosed with a

10  traumatic brain injury (TBI) and a host of other mental and physical issues due to his

11  time in combat. *Id.* at 11-13.

12      Plaintiff alleges that from 1997 to present he has been prescribed psychotropic

13  drugs to treat PTSD, TBI, severe depression, anxiety, panic, hypervigilance,

14  dissociative states, flashbacks, arythmic heartbeat, severe chest pains, olfactory and

15  auditory hallucinations, suicidal ideations, short-term memory loss, difficulty sleeping,

16  nightmares, and paranoia. *Id.* at 11-12. He states that before his current incarceration

17  he was prescribed buproprion and diazepham. *Id.* He states that from 2005-2007 and

18  2012-2017 DOC prescribed other drugs but those were discontinued because they were

19  either ineffective or caused bad side effects. *Id.* at 13. Plaintiff states the Care Review

20  Committee (CRC) approved prescriptions of buproprion and diazepham in

21  approximately August of 2017 and he successfully took those prescriptions until

22  approximately April 2019 -- when he was transferred to medium custody. *Id.* at 14.

23

24

25

1         Plaintiff claims defendant Armstrong told him, at the Washington State

2  Penitentiary in April 2019, that he should not be receiving his buproprion medication;

3  and plaintiff asserts that 10 days later the buproprion's delivery system was changed

4  from time-release to non-time-release. *Id.* at 15. Plaintiff states he spoke to defendant

5  Armstrong about this change – plaintiff explained the non-time-release buprorion was

6  not as effective as the time-release. *Id.* According to the complaint, Armstrong informed

7  him the medication was changed because Armstrong had been told by several staff

8  members that they had seen plaintiff's buprorion medication in his cell. *Id.* Plaintiff

9  denies any staff member found unauthorized or illicit drugs in his cell. *Id.* at 15-16.

10         Plaintiff alleges this experience has negatively affected his mental health; the

11  experience caused him to dissociate while under extreme stress, he feels threatened

12  and prepares for violence, and he withdraws from taking all medications. *Id.* at 16-17.

13  He asserts that his mental health declined and he asked to again be placed on the

14  medications. *Id.* at 17. He asserts that his request for a renewed prescription of

15  medicines was denied by defendant Armstrong and the Care Review Committee for no

16  valid reason. *Id.*

17         Plaintiff also alleges he was taken to an outside hospital on more than one

18  occasion, being transported to the emergency room with extreme heart and chest pain

19  after losing his medication. *Id.* at17-18. He states that the EKG indicated an arrhythmic

20  heartbeat and hospital staff told him this could lead to a stroke. *Id.* at 18. Plaintiff asserts

21  that the treating physician prescribed him diazepham for 14 days -- yet medical staff at

22  the prison refused to honor the prescription. *Id.*

23

24

25

REPORT AND RECOMMENDATION - 3

1  Before service of the complaint, plaintiff filed two motions seeking "default

2  judgment or in lieu of service of [the] complaint[.]" Dkts. 9, 10. The Court subsequently

3  ordered service of the complaint upon defendants Armstrong, Brennan and Gage. Dkt.

4  11. The Court did not direct service upon the DOC or "Five Unnamed Health Care

5  Providers." *Id.* Defendants Armstrong, Brennan and Gage timely filed waivers of service

6  and answers to the complaint. Dkts. 16-19. Plaintiff has also filed two motions seeking

7  injunctive relief directing the DOC law librarian and DOC to provide him with free copies

8  of his electronically filed documents. Dkts. 13, 28. Defendants oppose plaintiff's request

9  for injunctive relief. Dkt. 31.

10  DISCUSSION

11  A.    Unserved Defendants: DOC and "Five Unnamed Health Care Providers"

12  Under the Prison Litigation Reform Act of 1995, the Court is required to screen

13  complaints brought by prisoners seeking relief against a governmental entity or officer

14  or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss

15  the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

16  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

17  monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. §

18  1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

19  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show:

20  (1) he suffered a violation of rights protected by the Constitution or created by federal

21  statute, and (2) the violation was proximately caused by a person acting under color of

22  state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in

23  a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.

24  *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must

25

REPORT AND RECOMMENDATION - 4

allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff names the DOC as a defendant. Dkt. 8. But the State of Washington is not a "person" for purposes of a § 1983 civil rights action, nor is the DOC, an agency of the State of Washington. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Thus, neither the State of Washington nor the DOC can be sued for damages or injunctive relief under § 1983. Although plaintiff has alleged that defendants are being sued in their individual and official capacities, he has not alleged – as a basis for an official capacity cause of action -- violations connected to any policy, practice or custom. *See generally, Kentucky v. Graham,* 473 U.S. 159, 166-167 (1985). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Accordingly, plaintiff fails to state a claim for damages against defendant DOC. Because DOC is not a proper defendant, this defect in the complaint cannot be cured through amendment. Thus, the Court should dismiss the DOC as a defendant in this action.

Plaintiff also names "Five Unnamed Health Care Providers" as defendants in this action. The Court was unable to direct service of the complaint upon these individuals because it lacked sufficient information to identify them. If plaintiff wishes to proceed against these individuals, he must provide the Court with additional identifying information to allow the Court to serve those individuals.

B.    Motions for "Default Judgment or in Lieu of Service of [the] Complaint"

Plaintiff filed two motions seeking "default judgment or in lieu of service of this complaint" (Dkts. 9, 10).

Federal Rule of Civil Procedure 55(a) provides:

 "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Entry of default judgment pursuant to "Rule 55[ (b) ] requires a "two-step process,' consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." *Hofelich v. Lacy,* 2014 WL 2115219, at *1 (D.Haw. Mar. 25, 2014) (citing *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986), and *Symantec Corp. v. Global Impact, Inc.,* 559 F.3d 922, 923 (9th Cir.2009).

Plaintiff requests a default judgment based on defendants' failure to answer or, alternatively, service of the complaint. Because plaintiff filed these motions prior to service of the complaint, his requests for default judgment were premature; the deadline for defendants' time to answer had not been set. To the extent plaintiff's motions requested service of his complaint, the complaint has now been served in this action and defendants have timely answered. Thus, plaintiff's motions (Dkt. 9, 10) are moot.

1    Accordingly, the Court recommends these motions for "default judgment or in lieu

2  of service of this complaint" (Dkt. 9, 10) be denied as prematurely filed and as moot.

3  C.    Request for Injunctive Relief

4    Plaintiff has also filed two motions seeking injunctive relief directing the DOC law

5  librarian and DOC to provide him free copies of his electronically filed documents. Dkts.

6  13, 28. Plaintiff indicates that he is requesting free copies of the electronically filed

7  documents in order to ensure that all the pages have been properly submitted to the

8  Court and are legible. *Id.* Defendants oppose this request.

9    A district court has no authority to grant relief in the form of a temporary

10 restraining order or preliminary injunction where it has no jurisdiction over the parties.

11 *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too,

12 is an essential element of the jurisdiction of a district...court, without which the court is

13 powerless to proceed to an adjudication." (alteration in original) (citation and internal

14 quotation omitted)); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d

15 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction

16 for lack of personal jurisdiction). "A court's equitable power lies only over the merits of

17 the case or controversy before it. When a plaintiff seeks injunctive relief based on

18 claims not pled in the complaint, the court does not have the authority to issue an

19 injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th

20 Cir. 2015).

21    Plaintiff seeks an order directing the DOC Legal Librarian and DOC to provide

22 him with free copies of electronic filings. Yet neither the law librarian nor the DOC are

23 properly named as defendants in this action. Plaintiff's request for injunctive relief does

24

25

1  not identify or pertain to any of the named defendants, therefore the Court lacks

2  jurisdiction to grant the relief requested. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir.

3  1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

4  parties and subject matter jurisdiction over the claim; it may not attempt to determine

5  the rights of persons not before the court.").

6        Moreover, injunctive relief may only be used to address issues related to the

7  violations alleged in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.

8  1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury

9  claimed in the party's motion and the conduct asserted in the complaint."); *see Little v.*

10  *Jones*, 607 F.3d 1245, 1250–51 (10th Cir. 2010) (motion defined as insufficiently related

11  to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.

12  2010) (no preliminary injunction where motion for relief based on facts and

13  circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans*

14  *World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same). Further, a court need not

15  consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709

16  F.2d 1268, 1273 n. 4 (9th Cir.1983). Here, plaintiff's request for injunctive relief is

17  unrelated to the substantive claims in his complaint which pertain to inadequate mental

18  health treatment by DOC staff. Accordingly, the motion should be denied on this basis

19  as well.

20        Even if the Court assumes, for purposes of argument, that plaintiff properly

21  presented his requests for injunctive relief in this action, such relief would be

22  unwarranted. To obtain preliminary injunctive relief, the moving party must show: (1) a

23  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving

24

25

REPORT AND RECOMMENDATION - 8

party in the absence of preliminary relief; (3) that a balance of the equities tips in favor

of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural*

*Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The mere possibility of future injury is not

sufficient to support the issuance of a preliminary injunction. *See id.*, at 22. This is an

"extraordinary remedy that may only be awarded upon a clear showing that the plaintiff

is entitled to such relief." *Id.* Plaintiff must also show more than a mere "possibility" of

irreparable harm, but instead must "demonstrate that irreparable injury is likely in the

absence of an injunction." *Id.* (emphasis and citations omitted).

When a plaintiff seeks to enjoin the activity of a government agency, the Court

must consider "the government has traditionally been granted the widest latitude in the

dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598

(1976) (citations omitted). This grant of wide latitude applies even more strongly in

cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85,

107 S.Ct. 2254 (1987).

Here plaintiff has not shown a likelihood of irreparable harm in the absence of

injunctive relief. Defendants submit evidence from Clallam Bay Corrections Center

Library/Archive Paraprofessional 2 Ian Erickson describing Operational Memorandum

CBCC 590.500 which governs legal access for offenders housed in CBCC. According to

Mr. Erickson, pursuant to CBCC OM 590.500,

> When offenders electronically file legal documents with the Court's e-filing
> system, the Law Librarian returns the original copy to the offender for their
> records. Upon the Court's receipt of the offender's electronic filing, the
> Electronic Case Files (ECF) system will automatically generate a Notice of
> Electronic Filing (NEF), which indicates the case name, cause number,
> filer name, date of filing the number of pages submitted, and the Court's
> instruction of which pages to print for the offender. … Per [the operational
> memorandum] after the offender electronically files a pleading in the

1

2

3

> Court's ECF system, the original pleading is returned to the offender and
> no other copy of the pleading is provided. When the e-filing system
> generates the NEF, the NEF is printed per the Court's instructions and
> sent to the offender.

Dkts. 31, 32.

Plaintiff does not claim that his original documents have not been returned to him

after filing nor does he identify any specific documents he is missing. Plaintiff presents

no evidence that the CBCC policy has not been complied with, nor does he offer any

evidence or argument as to why this policy is inadequate or prevents him from

prosecuting his case. He does not allege that any of his documents to date have been

improperly filed – he argues that he should be given a free copy of the filed documents

to make sure that they are properly filed. This is insufficient to demonstrate a likelihood

of irreparable harm in the absence of injunctive relief. None of the documents filed with

the Court thus far appear to be either illegible or to have been missing any pages.

Accordingly, plaintiff's motion for injunctive relief should be denied on this basis

as well.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court

DISMISS plaintiff's claims against defendant Washington State Department of

Corrections and DENY plaintiff's motions for default judgment (Dkts. 9, 10) and for

preliminary injunction (Dkts. 13, 28).

The parties have **fourteen (14) days** from service of this Report and

Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);

*see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above

REPORT AND RECOMMENDATION - 10

time limit, the Clerk shall set this matter for consideration on **September 25, 2020**, as noted in the caption.

Dated this 10th day of September, 2020.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11