UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES V. FARNSWORTH,

                        Plaintiff,

        v.

TEDDI ARMSTRONG, *et al*.,

                        Defendants.

Case No. C20-5007-MJP-MLP

ORDER DENYING PLAINTIFF'S
MOTIONS FOR APPOINTMENT OF
COUNSEL AND TO SEAL EXHIBITS

## I.        INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in this action that his constitutional rights were violated when Defendants interfered with the administration of medications prescribed to address Plaintiff's mental health issues. (*See* Dkt. # 42 at 11-20.) Plaintiff asserts that this interference caused him to withdraw from all medications, and he complains that his subsequent request to have the medications reinstated after he began experiencing mental health problems again was denied. (*Id*.) Before the Court at this time are Plaintiff's motion for appointment of counsel (dkt. # 47) and his motion to seal exhibits submitted in support of his motion for counsel (dkt. # 49). Defendants have filed responses

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
TO SEAL EXHIBITS - 1

1  opposing both of Plaintiff's motions. (Dkt. ## 53, 54.) The Court addresses each of Plaintiff's

2  motion below.

3  ## II.        DISCUSSION

4  ### A.        Motion for Appointment of Counsel

5      Plaintiff moves for appointment of counsel to represent him in this action. (Dkt. # 47.)

6  Plaintiff submitted with his motion a detailed memorandum of law (dkt. # 47-2), his own

7  declaration (dkt. # 47-1), the declarations of a number of his fellow prisoners (dkt. # 47-3),

8  medical records (dkt. ## 47-4, 47-5), and records pertaining to Plaintiff's separation from the

9  military (dkt. # 47-5). Plaintiff argues in his memorandum of law that appointment of counsel is

10  appropriate in this matter because he lacks legal training and has limited access to the law

11  library, his claims are factually and legally complex, his case will require considerable discovery,

12  and his allegations, if proven, would clearly establish a constitutional violation. (Dkt. # 47-2.)

13      In his declaration in support of his motion, Plaintiff cites to cognitive deficits which he

14  suggests also warrant appointment of counsel. In particular, Plaintiff states that he suffers from

15  post-traumatic stress disorder ("PTSD"), a traumatic brain injury ("TBI"), and Alzheimer's

16  disease which cause memory and concentration difficulties. (Dkt. # 47-1 at 1-2.) Plaintiff claims

17  that he is unable to perform effective legal research, he is unable to write and comprehend legal

18  briefs without help, he cannot litigate this action without assistance, and he will soon no longer

19  have access to the prisoners who have been assisting him. (*Id*. at 2.) The declarations of fellow

20  inmates submitted by Plaintiff in support of his motion offer opinions regarding Plaintiff's

21  mental health and cognitive abilities, including his ability to understand and present legal

22  arguments. (*See* Dkt. # 47-3; Dkt. # 47-4 at 7.)

23  ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
TO SEAL EXHIBITS - 2

1

### 1.   *Legal Standard*

2     There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

3  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party

4  proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn*

5  *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236

6  (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional

7  circumstances requires an evaluation of both the likelihood of success on the merits and the

8  ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

9  involved. *Wilborn*, 789 F.2d at 1331.

10     ### 2.   *Analysis*

11     Applying the standard set forth above to Plaintiff's request for counsel, the Court

12  observes that the legal issues involved in this case are not particularly complex and that Plaintiff

13  has demonstrated ample ability to articulate the legal and factual basis of his claims *pro se*.

14  Plaintiff has also shown a broader ability to litigate this case, having filed multiple motions

15  during the pendency of this action which evidence Plaintiff's ability to organize and present

16  relevant legal arguments. This is perhaps reflective of Plaintiff experience as a *pro se* litigant in

17  the federal courts where he has litigated over twenty prior cases. *See Farnsworth v. Palmquist*,

18  C12-1257-RAJ, Dkt. # 11 at 2. While Plaintiff has presented a relatively recent mental health

19  encounter report which appears to confirm that he has experienced some cognitive deficits,

20

21

22

23

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
TO SEAL EXHIBITS - 3

1   perhaps attributable to Alzheimer's disease, Plaintiff has not demonstrated that these deficits

2   render him unable to litigate this action at the present time.[1]

3          With respect to the merits of his claims, Plaintiff argues that if he is able to prove the

4   allegations in his complaint, he would clearly establish a constitutional violation. (Dkt. # 47-2 at

5   9.) While the allegations in Plaintiff's amended pleading were sufficient to demonstrate that this

6   case should proceed beyond the pleading stage, they are not sufficient for the Court to draw any

7   conclusions regarding Plaintiff's likelihood of success on the merits of his claims. Based on the

8   information available to the Court at this juncture, the Court must conclude that Plaintiff has not

9   demonstrated that his case involves exceptional circumstances warranting the appointment of

10  counsel.

11         **B.      Motion to Seal**

12         In addition to his motion for appointment of counsel, Plaintiff has also moved to seal

13  some of the exhibits submitted in support of his motion for counsel. (Dkt. # 49.) In particular,

14  Plaintiff seeks to seal Exhibits B, C, and D which Plaintiff claims contain private medical

15  information that is protected under the Health Insurance Portability and Accountability Act

16  (HIPAA). (*See id.*)

17

18

19  ---
    [1] As noted above, Plaintiff submitted in support of his motion the declarations of fellow inmates who
20  offer their lay opinions concerning Plaintiff's mental health, cognitive functioning, and ability to engage
    in litigation activities. These opinions do not persuade the Court that Plaintiff is unable to proceed at this
21  time without the assistance of counsel. The Court notes that most of the declarations submitted by
    Plaintiff appear to be in his own handwriting and then signed by the declarants. While there is nothing
    inherently improper about this, a number of the declarants state that they have had to assist Plaintiff with
22  his legal writings and filings which begs the question why these purportedly more able prisoners did not
    draft their own declarations.

23  ORDER DENYING PLAINTIFF'S MOTIONS
    FOR APPOINTMENT OF COUNSEL AND
    TO SEAL EXHIBITS - 4

There is a strong presumption in favor of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Civil Rule (LCR) 5(g). A party seeking to overcome that presumption in this Court by filing a document under seal must comply with the provisions of LCR 5(g). LCR 5(g)(3)(A) provides that a party who files a motion to seal a document must include in the motion a certification that he has met and conferred with all other parties in an attempt to reach agreement regarding the need to file a document under seal and to explore other alternatives. LCR 5(g)(3)(B) provides that the party moving to seal a document must also specifically explain in his motion the legitimate private or public interests warranting the relief sought, the injury that will result if that relief is not granted, and the reason why a less restrictive alternative to the requested relief is not sufficient.

As Defendants correctly point out in their response to Plaintiff's motion to seal, Plaintiff has not complied with any of these requirements. (Dkt. # 54.) In July 2020, Plaintiff sent a letter to Defendants' counsel requesting that Defendants stipulate to sealing unspecified medical and military records.[2] (*See* Dkt. # 33.) This letter cannot be deemed to satisfy the requirements of LCR 5(g)(3)(A) which clearly contemplates a discussion between the parties aimed at reaching some agreement regarding the need to seal certain documents. It does not appear that Plaintiff even notified Defendants of the specific documents at issue prior to requesting that they stipulate to sealing the documents. (*See* Dkt. # 30 at 1.) This does not constitute compliance with LCR

---

[2] Plaintiff filed his original motion to seal in late June 2020 in conjunction with his original motion for appointment of counsel. (*See* Dkt. ## 22, 24.) Before those motions could be addressed, Plaintiff filed new motions for appointment of counsel and to seal exhibits – the motions addressed herein. Plaintiff's original motions were subsequently stricken (dkt. # 50), but some of the documents filed in relation to the original motion to seal are helpful to understanding Plaintiff's actions in relation to the requirements of LCR 5(g)(3)(A) (*see, e.g.,* dkt. ## 30, 33).

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
TO SEAL EXHIBITS - 5

5(g)(3)(A). Likewise, Plaintiff's mere reference to HIPAA as justification for sealing the documents at issue is insufficient to comply with the detailed requirements of LCR 5(g)(3)(B). As Plaintiff failed to comply with the Court's local rules pertaining to motions to seal, his motion is procedurally deficient and will not be considered further.

### III.    CONCLUSION

Based on the foregoing, Plaintiff's motions for appointment of counsel (dkt. # 47) and to seal exhibits (dkt. # 49) are DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Marsha J. Pechman.

Dated this 6th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
TO SEAL EXHIBITS - 6