1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8    CHARLES V. FARNSWORTH,

9                         Plaintiff,          Case No. C20-5007-MJP-MLP

10         v.                                 ORDER RE: PLAINTIFF'S PENDING
                                              MOTIONS
11   TEDDI ARMSTRONG, *et al*.,

12                        Defendants.

13

14              **I.        INTRODUCTION**

15          This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in this action

16   that Defendants have violated his rights under the Eighth and Fourteenth Amendments by

17   denying him prescription medications necessary to treat his various mental health issues and an

18   irregular heartbeat. (*See* Dkt. # 8.) More specifically, Plaintiff complains that he has been denied

19   prescriptions for bupropion and diazepam which were previously prescribed for him, but which

20   Defendants refused to re-prescribe after Plaintiff voluntarily withdrew from all medications and

21   then asked to have them reinstated. (*See id*. at 16-17.) Currently pending before the Court are

22   Plaintiff's motion to stay the scheduling order (dkt. # 68), Plaintiff's motion to compel discovery

23

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

(dkt. # 69), Plaintiff's motion to join necessary parties (dkt. # 70), and Plaintiff's motion to

withdraw his motion to compel (dkt. # 74). Defendants have filed responses in opposition to

Plaintiff's motions to stay, to compel discovery, and to join parties. The Court addresses each of

Plaintiff's pending motions below.

## II.    DISCUSSION

### A.    Motion to Stay

Plaintiff seeks to stay the scheduling order in this case on the grounds that the ongoing

pandemic has limited his access to the law library, he was recently transferred to a new facility

and was without his legal work until recently, and Defendants have not been forthcoming with

responses to his discovery requests. (Dkt. # 68.) At the time Plaintiff filed his motion, a 90-day

stay previously imposed by the Court had just expired. (*See* Dkt. # 66.) When the Court granted

the stay, it also ordered that the deadlines set forth in its Pretrial Scheduling Order (dkt. # 51) be

stricken. (*Id*. at 2.) Thus, at present, there is no scheduling order in place and therefore nothing to

stay. To the extent Plaintiff is seeking to continue the stay previously granted by the Court, he

has not demonstrated good cause for doing so. Plaintiff is now back in possession of his legal

work, the outstanding discovery issues have apparently been resolved, and any future delays

occasioned by limitations on law library access can be dealt with individually and do not require

a blanket stay. Plaintiff's motion to stay (dkt. #68) is DENIED.

### B.    Motion to Join Persons Needed for Just Adjudication

Plaintiff seeks to join five individuals as defendants in this matter pursuant to Fed. R.

Civ. P. 19. (Dkt. # 70.) Plaintiff claims that these individuals were listed in his complaint as

"Five Unknown Healthcare Providers" and that he has now acquired the names of these five

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

1   individuals through discovery. (*See id*. at 1-2.) Plaintiff further claims that in the absence of these

2   five individuals "relief will not be forthcoming in its entirety and justice will not be served." (*Id*.

3   at 3.)

4           Fed. R. Civ. P. 19(a)(1) provides that

5                  A person who is subject to service of process and whose joinder will not
    deprive the court of subject-matter jurisdiction must be joined as a party if:

6

7                  (A) in that person's absence, the court cannot accord complete relief
    among existing parties; or

8                  (B) that person claims an interest relating to the subject of the action and is
    so situated that disposing of the action in the person's absence may:

9

10                     (i) as a practical matter impair or impede the person's ability to protect
    the interest; or
                       (ii) leave an existing party subject to a substantial risk of incurring

11  double, multiple, or otherwise inconsistent obligations because of the
    interest.

12

13  Fed. R. Civ. P. 19(a)(1). If the requirements of Rule 19(a)(1) are met, the Court must order that

14  the required person be made a party. Fed. R. Civ. P. 19(a)(2).

15          As Defendants correctly note in their response to Plaintiff's motion, Plaintiff's

16  description in his complaint of the actions of these five individuals is vague and conclusory,

17  alleging only that "5 Unknown Health-care Providers, in conspiracy with other defendants, voted

18  to deny my represcription [sic] or otherwise interfered in my receiving those medications for no

19  valid reason." (Dkt. # 76 at 2 (citing Dkt. # 8 at 19-20, ¶ 57).) Plaintiff provides some additional

20  description of the conduct of these individuals in his motion, but neither the information in his

21  complaint nor the information in his motion is sufficient to show how, if at all, the failure to join

22  these individuals would prevent the Court from according complete relief to the *existing* parties.

23

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

1    Defendants also correctly note in their response that none of the individuals Plaintiff seeks to

2    join have claimed an interest in this litigation. (*See* Dkt. # 76 at 2.) Plaintiff therefore fails to

3    meet the standard for joinder of parties under Fed. R. Civ. P. 19.

4         Defendants also argue that joinder of the additional parties would be futile because the

5    allegations in Plaintiff's complaint are insufficient to state a claim against these individuals. (*Id*.

6    at 2-4.) The Court concurs that the allegations in Plaintiff's complaint pertaining to the five

7    individuals he seeks to join are insufficient to demonstrate that any of these individuals engaged

8    in conduct implicating federal constitutional concerns. Thus, it would serve no purpose to permit

9    joinder of these individuals given Plaintiff's failure to allege any viable claim for relief against

10   them. Plaintiff's motion to join parties (dkt. # 70) is DENIED.

11        **C.     Motion to Compel**

12        Plaintiff, in conjunction with the motion to stay discussed above, filed a motion seeking

13   to compel discovery based on Defendants' alleged failure to respond to several of Plaintiff's

14   discovery requests. (Dkt. # 69.) Defendants, in their response to Plaintiff's motion to compel,

15   argue that the motion is moot because they have now provided the outstanding discovery. (Dkt. #

16   71.) Plaintiff concurs and, indeed, has moved to withdraw his motion to compel. (Dkt. # 74.)

17   Accordingly, Plaintiff's motion to withdraw his motion to compel (dkt. # 74) is GRANTED, and

18   Plaintiff's motion to compel (dkt. # 69) is STRICKEN as moot.

19        **D.     Amended Pretrial Deadlines**

20        The stay previously entered by the Court expired on June 21, 2021. (*See* Dkt. # 66 at 2.)

21   At the time the Court entered its Order staying this action, the Court advised the parties that it

22   would issue an amended scheduling order establishing new deadlines for the completion of

23

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 4

discovery and for the filing of dispositive motions once the stay was lifted. (*Id*.) Defendants, in their response to Plaintiff's motion to stay, appear to suggest that a new discovery deadline is unnecessary because all outstanding discovery requests have now been addressed, and because the original discovery deadline passed before the Court stayed this matter. (Dkt. # 73 at 2.)

It is unclear from the record whether Plaintiff deems any additional discovery necessary now that the final responses to his original discovery requests have been received. However, because the Court advised the parties that it would establish a new discovery deadline upon the lifting of the stay, the Court will do so although the time afforded for additional discovery will be brief. In sum, any additional discovery must be completed not later than *September 13, 2021*, and dispositive motions are due not later than *October 13, 2021*.

### III.    CONCLUSION

Based on the foregoing, Plaintiff's motions to stay (dkt. # 68) and to join parties (dkt. # 70) are DENIED. Plaintiff's motion to withdraw his motion to compel (dkt. # 74) is GRANTED, and his motion to compel (dkt. # 69) is STRICKEN as moot. The Pretrial Scheduling Order is amended as follows: all discovery shall be completed not later than *September 13, 2021* and any dispositive motions shall be filed not later than *October 13, 2021*. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Marsha J. Pechman.

Dated this 27th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 5