UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. FARNSWORTH,

                      Plaintiff,

    v.

TEDDI ARMSTRONG, *et al.*,

                    Defendants.

Case No. C20-5007-MJP-MLP

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY

## I.      INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in this action

that Defendants have violated his rights under the Eighth and Fourteenth Amendments by

denying him access to bupropion and diazepam, medications that were previously prescribed to

treat Plaintiff's various mental health issues and an irregular heartbeat, but which Defendants

refused to re-prescribe after Plaintiff voluntarily withdrew from all medications and then asked

to have them reinstated. (*See* dkt. # 8 at 16-17.) This matter comes before the Court at the present

time for consideration of Plaintiff's motions to amend his complaint (dkt. # 78) and to compel

1    discovery (dkt. # 80.) Defendants have filed responses in opposition to both motions. (Dkt.

2    ## 79, 81.) The Court addresses each of Plaintiff's pending motions below.

3                              II.    DISCUSSION

4        A.    Motion to Amend Complaint

5             Plaintiff has filed a motion seeking leave to amend the parties and claims identified in his

6    original complaint. (Dkt. # 78.) Plaintiff submitted with his motion a proposed amendment to his

7    complaint. (Dkt. # 78-1.) Plaintiff indicates in his motion that he wishes to incorporate into his

8    original pleading Defendants whom he listed in his complaint as "Five Unknown Healthcare

9    Providers," but whose names he has since acquired through discovery. (*Id*. at 2.) In his proposed

10   amendment, Plaintiff identifies the following new Defendants: Dr. James. J. Edwards, a medical

11   doctor at Washington State Penitentiary ("WSP"); Care Review Committee ("CRC") Members

12   Collins, Cogburn, and Harper; and, Ms. Lonna, a medical nurse at WSP. (Dkt. # 78-1 at 2-3.)

13   Plaintiff also alleges in his proposed amendment facts pertaining to these five individuals. (*Id*. at

14   5-10.) Defendants oppose Plaintiff's motion to amend, arguing that the proposed amendment

15   would be futile because Plaintiff has not adequately stated a claim for relief against any of the

16   proposed new defendants. (Dkt. # 79.)

17            Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should

18   freely give leave to amend "when justice so requires." Five factors are typically considered when

19   assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3)

20   prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has

21   previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). An

22   amendment to a complaint is futile when "no set of facts can be proved under the amendment to

23
     ORDER DENYING PLAINTIFF'S
     MOTIONS TO AMEND COMPLAINT
     AND TO COMPEL DISCOVERY - 2

1   the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel.*

2   *Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d

3   209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678

4   (2009)).

5          In order to sustain a civil rights action under § 1983, a plaintiff must show: (1) that he

6   suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

7   that the violation was proximately caused by a person acting under color of state law. *See*

8   *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

9   must allege facts showing how individually named defendants caused, or personally participated

10   in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.

11   1981).

12          *1.     Dr. Edwards*

13          Plaintiff alleges in his proposed amendment that Dr. Edwards failed to provide him

14   medication prescribed by another physician to treat a serious medical need. (Dkt. # 78-1 at 5.)

15   Plaintiff reiterates in his proposed amendment the allegations in his original complaint that he

16   has a long history of anxiety induced chest pains diagnosed as arrhythmia, that he has previously

17   been prescribed diazepam to treat his anxiety/panic disorder, and that prior to withdrawing from

18   his medications he had no reported chest or heart pains. (*Id.* at 5-6.) Plaintiff goes on to allege

19   that in August 2019, he experienced severe chest pain and was taken from WSP to the St. Mary

20   Medical Center in Walla Walla, Washington. (*Id.* at 6.) According to Plaintiff, his pain was

21   diagnosed in the emergency room as anxiety and atypical chest pain, and he received a

22   prescription for diazepam. (*Id.*)

23   ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 3

1    Plaintiff claims that Dr. Edwards and his staff were counseled by the medical staff at the

2    hospital of the importance of their medical recommendations and the danger of non-adherence to

3    their treatment plan, and that Dr. Edwards and his staff verbalized their understanding. (*Id*. at

4    6-7.) Plaintiff further claims that Dr. Michael J. Minckler, his treating physician at the hospital,

5    wrote a report that included a prescription for diazepam, and that Dr. Minckler emailed the report

6    to Dr. Edwards. (*Id*. at 7.) Plaintiff asserts that despite "numerous requests and a grievance," Dr.

7    Edwards refused to follow Dr. Minckler's treatment plan by failing to provide him with the

8    prescribed diazepam. (*Id*.) Defendants, in their response to Plaintiff's motion to amend, assert

9    that these facts do not state an Eighth Amendment claim. (Dkt. # 79 at 2.)

10    The Eighth Amendment imposes a duty upon prison officials to provide humane

11    conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes

12    ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking

13    reasonable measures to guarantee the safety of inmates. *Id*.  In order to establish an Eighth

14    Amendment violation for inadequate medical care, a plaintiff must demonstrate that he had a

15    "serious medical need," and that defendants' response to that need was deliberately indifferent.

16    *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith,* 974 F.2d 1050,

17    1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133

18    (9th Cir. 1997) (en banc)). A prison official is deliberately indifferent to a serious medical need if

19    he "knows of and disregards an excessive risk to inmate health." *Farmer*, 511 U.S. at 837. To be

20    found liable under the Eighth Amendment, "the official must both be aware of facts from which

21    the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

22    the inference." *Id*. "If a [prison official] should have been aware of the risk, but was not, then the

23    ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 4

1   [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty.*
2   *of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

3       Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060
4   (9th Cir. 2004). An inadvertent or negligent failure to provide adequate medical care is
5   insufficient to establish a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,
6   105–06 (1976); *see also Farmer*, 511 U.S. at 835 ("ordinary lack of due care" is insufficient to
7   establish an Eighth Amendment claim). Moreover, mere differences of opinion between a
8   prisoner and prison medical staff or between medical professionals regarding the proper course
9   of treatment does not give rise to a § 1983 claim. *Toguchi*, 391 F.3d at 1058. "[T]o prevail on a
10  claim involving choices between alternative courses of treatment, a prisoner must show that the
11  chosen course of treatment 'was medically unacceptable under the circumstances,' and was
12  chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting
13  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

14      Defendants argue that even assuming Plaintiff's allegations against Dr. Edwards are true,
15  Plaintiff has not stated a valid Eighth Amendment claim because he has alleged nothing more
16  than a difference of opinion between medical professionals concerning the course of Plaintiff's
17  treatment. (Dkt. # 79 at 3-4.) The Court agrees. Plaintiff alleges no facts suggesting that Dr.
18  Edwards' alleged refusal to prescribe diazepam contrary to Dr. Minckler's treatment plan was
19  medically unacceptable under the circumstances or was chosen in conscious disregard of an
20  excessive risk to Plaintiff's health. The Court notes that Plaintiff asserts elsewhere in his
21  proposed amendment that he was transferred to Clallam Bay Corrections Center ("CBCC"),
22  shortly after being taken to the hospital from WSP, and the CBCC psychiatrist declined to
23

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 5

prescribe diazepam as well because he thought the drug might cause a loss of mental acuity given Plaintiff's age. (Dkt. # 78-1 at 8-9.) These additional facts reinforce the conclusion that Dr. Edwards' alleged refusal to prescribe diazepam upon the recommendation of the emergency room physician was simply a difference of medical opinion. Plaintiff has not adequately alleged an Eighth Amendment claim against Dr. Edwards and it would therefore be futile to permit Plaintiff to amend his complaint to add Dr. Edwards as a Defendant to this action.

### 2.   Care Review Committee

Plaintiff also seeks to add CRC members Collins, Cogburn and Harper to this action, asserting that they improperly refused to reapprove Plaintiff's prescriptions for bupropion and diazepam, "simply because it had been inferred that I abused my meds and is not based on whether I did, or my extensive medical history." (Dkt. # 78-1 at 8.) Plaintiff asserts that archived medical records dating back to 1987 show his lengthy history of traumatic brain injury and various mental health disorders and establish that bupropion and diazepam are the only drugs that have been successful in treating his conditions. (*Id.*) Plaintiff claims that these records were available to the CRC members when they refused to re-approve his medications, and he maintains that the CRC's refusal to approve the medications was "a concerted effort to validate Armstrong's false claim."[1] *Id.*

---

[1] Plaintiff does not explain this "false claim" in his proposed amendment. However, in his original complaint, Plaintiff alleges that Defendant Armstrong changed the formulation of his bupropion prescription from time release to non-time release, a formulation which Plaintiff believes was not as effective. (*See* Dkt. # 42 at 14-15.) According to Plaintiff, when he asked why the medication had been changed, he was told by Defendant Armstrong that it was because she had been told by "several staff members" that they had seen bupropion in his cell. (*Id.* at 15.) Plaintiff asserts that this claim by Defendant Armstrong was false as no staff member had ever seen unauthorized drugs in his cell. (*Id.*)

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 6

Defendants argue that Plaintiff's claims against the CRC members are based on speculation that Plaintiff's archived medical records were, in fact, available to the CRC members at the time they refused to reapprove Plaintiff's medications and on speculation that if the CRC members had consulted these records they would have drawn the inference that diazepam was the only treatment for Plaintiff's condition. (Dkt. # 79 at 4.) Defendants further argue that Plaintiff has not alleged personal participation on behalf of the CRC members. (*Id*.)

The Court concurs that whether the CRC members had access to Plaintiff's archived medical records is speculative. Assuming the CRC members had access to these records, it is also a matter of speculation that they disregarded these records and instead based their decision on the alleged improper inference that Plaintiff had abused his medications rather than on his extensive medical history. (Dkt. # 78-1 at 8.) It is notable that a subsequent CRC at CBCC apparently approved one of the two medications Plaintiff sought to have reapproved by the CRC while he was at WSP, *i.e.,* the bupropion. (*Id*. at 8-9.) However, there are insufficient facts alleged in the proposed amendment to demonstrate that the WSP CRC's decision to deny reapproval of the medications was based on anything more than a difference of medical opinion.

The Court also concurs that Plaintiff's inability to specifically attribute the denial of his requested medications to any individual member of the CRC is fatal to his claim because personal participation in the alleged denial of a federal constitutional right is required to adequately state a claim for relief under § 1983. In sum, Plaintiff has not adequately alleged that any member of the CRC violated his federal constitutional rights and it would therefore be futile to permit Plaintiff to amend his complaint to add these three individuals as defendants to this action.

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 7

3.    *Nurse Lonna*

Finally, Plaintiff seeks to add WSP Nurse Lonna to this action. Plaintiff's allegations against Nurse Lonna are not a model of clarity, but he appears to allege that Nurse Lonna told Defendant Armstrong that "several staff" told Nurse Lonna that they had caught Plaintiff "cheeking" his bupropion. (Dkt. # 78-1 at 10.) Plaintiff goes on to allege that Nurse Lonna is "covering for" Defendant Armstrong's alleged "false claim," and in so doing is supporting Defendant Armstrong's alleged retaliatory actions which have kept Plaintiff from receiving needed medications. (*Id*.)

Assuming, as Plaintiff alleges, that Nurse Lonna reported to Defendant Armstrong that she had been told by other staff members that they had caught Plaintiff "cheeking" his bupropion, Plaintiff has stated no viable claim for relief. As Defendants correctly argue, reporting drug abuse in prison does not amount to cruel and unusual punishment. To the extent Plaintiff claims that Nurse Lonna somehow participated in Defendant Armstrong's alleged retaliatory action against him, Plaintiff's claim is unclear and, in any event, is insufficient to state a retaliation claim against Nurse Lonna. A viable claim of retaliation within the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). A plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff's allegations against Nurse Lonna do not clearly allege any of these components.

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 8

1   Plaintiff's proposed amendment fails to state a viable claim for relief against Nurse

2   Lonna. It would therefore be futile to permit Plaintiff to amend his complaint to add Nurse

3   Lonna as a defendant to this action.

4   **B.     Motion to Compel**

5   Plaintiff has also filed a motion to compel discovery. (Dkt. # 80.) Plaintiff complains in

6   his motion that Defendants, in response to a request for production of documents, responded that

7   they would provide Plaintiff 25 pages of responsive records at no cost and then charge ten cents

8   per page for every additional page. (*See id*. at 1-2.) Plaintiff claims he is indigent and cannot pay

9   the copy fees, and he maintains that Defendants are required to provide the discovery pursuant to

10  the Federal Rules of Civil Procedure and that they may recoup their costs if they prevail in this

11  action. (*Id*. at 2-3.) Defendants oppose Plaintiff's motion on both procedural and substantive

12  grounds. (Dkt. # 81).

13  Defendants argue that Plaintiff's motion is procedurally deficient because he made no

14  effort to meet and confer with Defendants regarding the matters in dispute prior to filing his

15  motion to compel as required by Local Civil Rule ("LCR") 37. LCR 37(a)(1) provides that

16  "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the

17  motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted

18  to confer with the person or party failing to make disclosure or discovery in an effort to resolve

19  the dispute without court action." The rule further provides that "a good faith effort to confer

20  with a party or person not making a disclosure or discovery requires a face-to-face meeting or a

21  telephone conference." LCR 37(a)(1). Plaintiff did not provide the requisite certification with his

22  motion to compel nor does it appear from the record that he ever attempted to meet and confer

23

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND COMPLAINT
AND TO COMPEL DISCOVERY - 9

1   with Defendants prior to filing his motion. Because Plaintiff's motion is procedurally deficient,

2   the Court declines to address the substance of the motion.[2]

3                                   **III.    CONCLUSION**

4           Based on the foregoing, Plaintiff's motions to amend (dkt. # 78) and to compel discovery

5   (dkt. # 80) are DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel

6   for Defendants, and to the Honorable Marsha J. Pechman.

7           Dated this 13th day of September, 2021.

8

9

10

11  MICHELLE L. PETERSON
    United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21
    _____
22  [2] The Court does however note that Defendants may not charge Plaintiff for responding to his requests for
    production. *See* Fed. R. Civ. P. 34(b).
23  ORDER DENYING PLAINTIFF'S
    MOTIONS TO AMEND COMPLAINT
    AND TO COMPEL DISCOVERY - 10