UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>Plaintiff,<br><br>v.<br><br>TEDDI ARMSTRONG et al.,<br><br>Defendant. | CASE NO. 20-5007 MLP MJP<br><br>ORDER REQUESTING COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) |

Plaintiff Charles Farnsworth, a pro se litigant proceeding in forma pauperis brings this civil right action under 42 U.S.C. § 1983. The Court recently adopted in part and declined to adopt in part the Report and Recommendation of Magistrate Judge Michelle L. Peterson. (Dkt. No. 113.) The Court declined to grant summary judgment in favor of Defendants on Farnsworth's Eighth Amendment claim against Defendant Nee (née Armstrong), but granted summary judgment in favor of Defendants on Farnsworth's remaining claims. In light of the Court's decision, the Court now requests the appointment of counsel is warranted for Farnsworth's remaining claim.

| | |
|---|---|
| 1 | **BACKGROUND** |
| 2 | Farnsworth is a pro se prisoner litigant currently confined at Stafford Creek Corrections |
| 3 | Center in Aberdeen, Washington. Farnsworth is a Vietnam War veteran who was injured in |
| 4 | combat and later diagnosed with Post-Traumatic Stress Disorder ("PTSD"), a Traumatic Brain |
| 5 | Injury, severe depression and anxiety, a heart arrhythmia and other mental health issues. |
| 6 | (Amended Complaint ¶¶ 1-5 ("AC") (Dkt. No. 42).) Due to his mental health issues, Farnsworth |
| 7 | has trialed different medications that were either ineffective or had intolerable side effects. (Id. at |
| 8 | ¶¶ 7-9.) He was eventually prescribed Bupropion, an antidepressant, and Diazepam, an |
| 9 | antianxiety medication, which successfully alleviated Farnsworth's symptoms. (Id. at ¶ 11.) |
| 10 | While incarcerated at the Washington State Penitentiary, Farnsworth was accused by staff |
| 11 | of diverting his Bupropion prescription. (Declaration of Teddi Nee at 2-3 (Dkt. No. 91).) Though |
| 12 | this allegation was never substantiated, Defendant Teddi Nee, a Psychiatric-Mental Health Nurse |
| 13 | Practitioner, in charge of Farnsworth's care, ordered Farnsworth's Bupropion prescription be |
| 14 | crushed and floated in order to make any abuse or diversion of the medication more difficult. (Id. |
| 15 | at 3.) When Nee later informed Farnsworth why his prescription had been changed Farnsworth |
| 16 | became very upset, and states that he went into a dissociative state. (Nee Decl. Ex. 4; AC at ¶ |
| 17 | 36.) While in this state, Farnsworth told Nee he wanted to stop all psychiatric medication. (Nee |
| 18 | Decl. Ex. 4 at 2-3.) Nee had Farnsworth sign a refusal of psychiatric care form and stopped all |
| 19 | medications. (Id.) |
| 20 | After stopping all medications, Farnsworth began experiencing severe PTSD symptoms |
| 21 | and asked that his medications get re-prescribed. (Nee Decl. Ex. 6; AC at ¶ 40.) Nee re- |
| 22 | prescribed one drug but refused to re-prescribe the Bupropion and Diazepam. (Nee Decl. Ex. 6 at |
| 23 | 3.) Farnsworth asked that his request as to the Bupropion prescription be reviewed by the |
| 24 | |

1    Department of Correction's Care Review Committee, who denied the request to restart the

2    medication. (Nee Decl. ¶¶ 16, 18.) Following the Care Review Committee's decision Farnsworth

3    had to be sent to the Emergency Room for heart and chest pains. (AC at ¶ 45.) The treating

4    physician prescribed Diazepam to treat Farnsworth's condition. (Id. at ¶ 47.) Farnsworth was

5    later transferred to Clallam Bay Corrections Center, where a doctor at Clallam Bay reviewed his

6    record and took Farnsworth before the Care Review Committee. (Declaration of Charles

7    Farnsworth ¶ 8 (Dkt. No. 112).) This time, the Care Review Committee re-prescribed the

8    Bupropion. (Id.)

9        Farnsworth filed suit against Nee and several other Department of Corrections staff

10   alleging Eighth Amendment, cruel and unusual punishment, conspiracy claims, and First

11   Amendment retaliation claims. The crux of Farnsworth's claims are that Defendants interfered

12   with the administration of medications prescribed to address his mental health issues. Defendants

13   brought a Motion for Summary Judgment on all of Farnsworth's claims. (Dkt. No. 89.)

14   Magistrate Judge Michelle L. Peterson issued a Report and Recommendation (Dkt. No. 101

15   ("R&R") recommending the Court grant Defendants' Motion as to all of Farnsworth's claims.

16   After review, the Court adopted the R&R's recommendation for summary judgment for all of

17   Plaintiff's claims with the exception of his Eighth Amendment claim against Nee. (Dkt. No.

18   113.) The Court now considered whether a request for counsel is appropriate to assist Farnsworth

19   with his remaining claim.

## ANALYSIS

21       In proceedings in forma pauperis, the district court "may request an attorney to represent

22   any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The decision to appoint such

23   counsel is within "the sound discretion of the trial court and is granted only in exceptional

24

circumstances." <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984) <u>abrogated on other grounds by</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A finding of the exceptional circumstances requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." <u>Id.</u> at 1332.

   The Court finds that Farnsworth's ability to proceed without counsel, combined with the fact that he has survived a motion for summary judgment, warrants the request for counsel. Farnsworth is a <u>pro se</u> plaintiff with severe mental health issues. It also appears that Farnsworth may now be suffering from Alzheimer's disease, which causes memory and concentration difficulties. (<u>See</u> Order Denying Pltff's Mtn for Counsel at 2 (Dkt. No. 58).) It is obvious from his pleadings that Farnsworth is literate and educated enough to be able to read legal literature. But he lacks legal training. This was demonstrated by his Objections to the R&R (Dkt. No. 112). Farnsworth cited to Washington state law rather than federal law. And rather than focus on the standards of summary judgment, Farnsworth attempted to reargue the joinder of parties and discovery disputes. Farnsworth's Objections also seem to indicate confusion over the discovery process and what discovery he is entitled to as a plaintiff. A concerning issue given how critical discovery is. And though Farnsworth's claim against Nee has to do with the interference of medication, he focused on the credibility of the accusation that he was diverting his Bupropion rather than the events that followed. This focus is misplaced and does not advance his legal theory, which may have merit if properly framed.

With regard to likelihood of Farnsworth's success, Eighth Amendment claims have a high bar for plaintiffs to clear. Yet Farnsworth has been able to make it past the pleading stages and a motion for summary judgment. This demonstrates that Farnsworth's Eighth Amendment claim against Nee is not without some merit.

Taken together, the Court finds that Farnsworth satisfies both prongs for a finding of exceptional circumstances.

## CONCLUSION

Invoking its inherent authority, the Court finds the appointment of counsel to be necessary and appropriate to provide meaningful review of Farnsworth's Eighth Amendment claim against Nee. The Court requests an attorney represent Farnsworth with his remaining claim pursuant to 28 U.S.C. §1915(e)(1) and ORDERS pro bono counsel to be appointed and to represent Farnsworth with his remaining claim for all further proceedings.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 22, 2022.

Marsha J. Pechman
United States Senior District Judge