UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, | CASE NO. 3:20-cv-5007 |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REQUESTING COUNSEL |
| v. | |
| TEDDI ARMSTRONG, et al., | |
| Defendant. | |

This matter is before the Court on Defendants' Motion for Reconsideration of the Court's Order Requesting Counsel. (Dkt. No. 117.) The Court has reviewed the Motion and the relevant portions of the record and DENIES Defendants' Motion.

**BACKGROUND**

Plaintiff Charles Farnsworth is a pro se litigant proceeding in forma pauperis. He brought a civil right action under 42 U.S.C. § 1983 against several Washington State Department of Corrections employees. The Court recently adopted in part and declined to adopt in part the Report and Recommendation of Magistrate Judge Michelle L. Peterson. ("Order on R&R" (Dkt.

No. 113).) The Court declined to grant summary judgment in favor of Defendants on Farnsworth's Eighth Amendment claim against Defendant Teddi Nee (née Armstrong), but granted summary judgment in favor of Defendants on Farnsworth's remaining claims. The Court also determined that the appointment of counsel was necessary to assist Farnsworth with his remaining claim. (See Order Requesting Counsel (Dkt. No. 114).) Defendants bring this Motion for Reconsideration asking the Court to reconsider its appointment of pro bono counsel for Farnsworth.

## ANALYSIS

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h)(1).

It is well established that "[t]he decision to appoint counsel in a civil suit is one of discretion and a district court's determination will be overturned only for abuse of that discretion." Cano v. Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014) (internal citation omitted). The court must consider whether there is a "likelihood of success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." Id. Defendants argue that the Court erred when it did not consider the issue of qualified immunity for Farnsworth's claim against Nee and that had the Court considered it, it could not find Farnsworth likely to succeed on the merits.

Qualified immunity shields officials from civil liability so long as their conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Pearson v. Callahan, 555 U.S. 223 (1982) (internal citation and quotation omitted). "We do not require a case directly on point, but existing precedent must have placed

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REQUESTING COUNSEL - 2

the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335 (1986). Though the Court has yet to consider Defendants' Motion for Reconsideration on the issue of qualified immunity, it finds that the issue does not change the Court's decision to request counsel for Farnsworth.

Farnsworth brings an Eighth Amendment claim against Nee alleging deliberate indifference to a serious medical need. The Court noted in its Order on R&R that the Ninth Circuit has stated that deliberate indifference may be found where prison officials intentionally interfere with treatment once prescribed. (See Order on R&R at 9.) This is in part what Farnsworth has alleged against Nee. As such, there is at least some case law to suggest that Farnsworth could overcome a qualified immunity defense. And the Court found there was a genuine dispute of fact with regard to Farnsworth's claim against Nee that made summary judgment inappropriate. Defendants' Motion lacks both a showing of manifest error on the part of the Court and the introduction of new evidence or law which could not have been reasonably provided earlier. The Court reiterates its finding that Farnsworth has demonstrated enough merit to his claim to survive a motion for summary judgment to satisfy the "likelihood of success" prong. And Defendants do not contend that Farnsworth is able to articulate his claims in light of the complexity of the legal issues involved.

Defendants point to no legal authority or facts that demonstrate the Court's manifest error in its request to appoint counsel. Having failed to satisfy any of the criteria for reconsideration, Defendants' motion is DENIED.

//

//

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REQUESTING COUNSEL - 3

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated December 30, 2022.

4    Marsha J. Pechman
     United States Senior District Judge

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REQUESTING COUNSEL - 4