UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, | CASE NO. 3:20-cv-5007 |
| Plaintiff, | ORDER STAYING CASE |
| v. | |
| TEDDI ARMSTRONG, et al., | |
| Defendant. | |

This matter comes before the Court <u>sua sponte</u>. Currently pending before the Court are Defendants' Motion for Reconsideration on the Order on the Report and Recommendation (Dkt. No. 115) and Plaintiff's Motion for Extension of Time to File Reply to Defendants' Motions for Reconsideration (Dkt. No. 118). After issuing its Order Adopting in Part and Declining to Adopt in Part the Report and Recommendation (Dkt. No. 113), the Court issued a separate Order referring the matter to the Pro Bono Panel to find an attorney to represent Plaintiff with his remaining claim against Defendant Teddi Armstrong (Dkt. No. 114). In light of these pending

ORDER STAYING CASE - 1

motions and the Court's Order requesting counsel, the Court sua sponte STAYS the case until the issue of counsel is resolved.

## ANALYSIS

**A.     The Court's Authority to Issue a Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). And courts have the power to consider stays sua sponte. Ali v. Trump, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

In determining the propriety of a stay, the Court must "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. Such balance includes consideration of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268. A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors granting of a stay. See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

Due to the recent motions brought before the Court and the pending request for counsel, the Court considers sua sponte whether to impose a stay based on the relevant factors.

1. Damage from a Stay

The Court finds no risk of damage to either party due to a stay. The stay considered by the Court is not an indefinite one. Rather, the Court will only stay the case until counsel can be secured for the Plaintiff. This is a temporary stay that will not cause any unnecessary delay of the resolution of the case. Additionally, the case is post summary judgment with no current trial date set. Though Defendants' have a Motion for Reconsideration pending that does not appear to be urgent. And the Court finds that if it were to consider the Motion before Plaintiff is assigned counsel such consideration would likely harm the Plaintiff. Therefore, the Court finds that there is more likely to be damage absent a stay than from a stay.

2. Hardship or Inequity

There is little possibility of hardship or inequity that may be suffered by Defendants should the Court issue a stay. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity" for purposes of a stay. Lockyer, 398 F.3d at 1112 (internal quotations omitted). In contrast, Plaintiff is likely to suffer some hardship or inequity if he were forced to proceed without counsel. This factor weighs in favor of a stay.

3. Orderly Course of Justice

The Court finds this final factor too weighs in favor of a stay. The main issue Defendants argue in their Motion for Reconsideration is the issue of qualified immunity. Qualified immunity is a complex and nuanced issue that would be difficult for even the most articulate of pro se litigants to argue. The Court referred Plaintiff's remaining claim to the Pro Bono Panel because of his inability to properly articulate his claims. The Court finds that a stay while counsel is sought will promote judicial economy as an attorney will be better able to navigate these issues. This factor therefore strongly favors a stay.

In sum, the Court finds that the relevant factors favor a stay in this case while the Pro Bono Panel attempts to locate an attorney to represent Plaintiff and for that attorney to familiarize themself with the case.

## CONCLUSION

For the foregoing reasons, the Court STAYS this case. The Court will stay the case until the issue of counsel for Plaintiff is resolved and for the appointed counsel to familiarize themself with Plaintiff's remaining claim and Defendants' pending motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 4, 2023.

Marsha J. Pechman
United States Senior District Judge