UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>TEDDI ARMSTRONG; JACKIE BRANNAN; BRUCE GAGE; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; FIVE UNKNOWN HEALTH CARE PROVIDERS,<br><br>    Defendants. | CASE NO. 20-5007 MLP MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Order Granting Defendant's Request for Qualified Immunity. (Dkt. No. 126.) The Court has reviewed the Motion and the relevant portions of the record and DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff Charles Farnsworth is a pro se litigant proceeding in forma pauperis. He brought a civil rights action under 42 U.S.C. § 1983 against several Washington State Department of

Corrections employees. The Court previously adopted in part and declined to adopt in part the Report and Recommendation of Magistrate Judge Michelle L. Peterson. ("Order on R&R" (Dkt. No. 113).) The Court declined to grant summary judgment in favor of Defendants on Farnsworth's Eighth Amendment claim against Defendant Teddi Nee (née Armstrong), but granted summary judgment in favor of Defendants on Farnsworth's remaining claims. Defendants then brought a motion for reconsideration on the issue of qualified immunity for Nee, which was not addressed in the Report and Recommendation and therefore not considered by the Court in the Order on the R&R. The Court found that Nee was entitled to qualified immunity and granted Summary Judgment for Nee on the Eighth Amendment claim. (Dkt. No. 125.) Farnsworth now brings a Motion for Reconsideration on the qualified immunity issue.

## ANALYSIS

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule 7(h)(1).

Farnsworth challenges the Court's Order on Qualified Immunity in his Motion for Reconsideration. "Qualified immunity shields government officials under section 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" Rico v. Ducart, 980 F.3d 1292, 1298 (9th Cir. 2020) internal quotation and citation omitted). In its previous Order the Court focused on the second prong of the qualified immunity standard.

To determine whether the constitutional right is clearly established at the time of the conduct, "the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'"

Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (en banc) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). This inquiry "must consider whether the violative nature of the defendants particular conduct is clearly established in light of the specific context of the case." Rico v. Ducart, 980 F.3d 1292, 1298 (9th Cir. 2020) (internal quotation and citation omitted). "[W]here there is no case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." C.B. v City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (internal quotation and citation omitted). The Court found Farnsworth failed to point to any case law on point or existing precedent that demonstrated the unlawfulness of Nee's conduct had been "clearly established" at the time it occurred. (See Order on R&R at 4-6.) Because he failed to meet his burden, the Court granted qualified immunity for Nee.

In his Motion for Reconsideration, Farnsworth argues that Nee violated his clearly established constitutional rights because her medical treatment of him defied common sense. (See generally Motion.) Farnsworth cites to DeBoer v. Pennington, 206 F.3d 857, 865 (9th Cir. 2000) cert. granted, judgment vacated sub. nom. City of Bellingham v. DeBoer, 532 U.S. 992 (2001), for the premise that "when the defendants' conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts' that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." Id. (internal citation and quotation is omitted.) But Nee's lack of common sense does not mean her conduct was so patently violative of Farnsworth's Eighth Amendment rights. And Farnsworth fails to put forth any additional argument or provide case law that would demonstrate Nee's conduct violated Farnsworth's clearly established constitutional right. Farnsworth's argument suffers from the same deficiencies as his original argument against qualified immunity.

Because Farnsworth fails to demonstrate that the Court made a manifest error in its previous order or that new facts or case law have emerged that would change the Court's prior analysis, Farnsworth's Motion for Reconsideration fails. For these reasons, the Court DENIES Farnsworth's Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 6, 2023.

Marsha J. Pechman
United States Senior District Judge